**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JERIEL DERRICK WADSWORTH II,

Plaintiff,

v.

CITY OF HIGHLAND PARK, *et al*.,

Defendants.
_______________________________ /

Case No. 2:26-cv-13415
Honorable Brandy R. McMillion
United States District Judge

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Jeriel Derrick Wadsworth II ("Plaintiff") brings this *pro se* civil rights action against Defendants City of Highland Park, the 30th District Court of Michigan, Police Chief James McMahon, Highland Park Police Officer Brian Menge, Probation Officer Hosea R. Grant, Defense Counsel Philip X. Walling, and Highland Park Police Officers and Personnel John/Jane Does 1-10 (collectively, "Defendants") related to an arrest and prosecution in state court. *See generally* ECF No. 1. Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but Plaintiff's federal claims are **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court declines to exercise jurisdiction over Plaintiff's state law claims, so they

are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff desires.

**I.**

As best the Court can discern, Plaintiff is seeking civil redress against Defendants relating to an alleged unlawful arrest and prosecution back in 2017. *See generally* ECF No. 1. He alleges that on June 28, 2017, he was arrested and tased by officers nine times; and following his arrest, a case was initiated in the 30th District Court. *Id.* at PageID.3. In August 2017, he was assigned a probation officer, presumably related to his sentence in that case, but the Complaint is void of many details. *See id.* at PageID.4. He claims that in the years that followed, bench warrants were issued for his arrest without proper service of notices to appear in court and he was fined as a result. *Id.* Plaintiff brings a § 1983 action alleging violations of the Fourth, Sixth, Fourteenth, and Eighth Amendments, a §1985 civil conspiracy claim, and state law claims for assault and battery, intentional infliction of emotional distress, false arrest and imprisonment, malicious prosecution, conversion, legal malpractice, and civil infractions. *See id.* at PageID.5-8. He seeks $10 Million in compensatory damages, $15 Million in punitive damages, treble statutory damages, attorneys' fees and costs. *Id.* at PageID.9. Plaintiff also seek declaratory judgment that the arrest, plea, warrants, and enforcement are void, and an injunction expunging all records. *Id.*

**II.**

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which based on his financial status, the Court **GRANTS**. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when

the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

To establish a federal civil rights claim, a plaintiff must show that they were deprived of a right, privilege, or immunity guaranteed by the federal Constitution or laws by someone acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

To establish a § 1985 claim, Plaintiff must sufficiently allege (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville*, 360 F.Supp.3d 714, 725 (M.D. Tenn. 2019), *aff'd sub nom. Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee by & through Traffic & Parking Comm'n*, 805 F. App'x 379 (6th Cir. 2020). Beyond that, the Plaintiff must also allege that the conspiracy was motivated by racial or other

class-based discriminatory animus. *Id.*; *see also Moniz v. Cox*, 512 Fed. Appx. 495, 499-500 (6th Cir. 2013) (collecting cases). And to sustain a claim, Plaintiff must prove both membership in a protected class and discrimination on account of it. *Deja Vu of Nashville*, 360 F.Supp.3d at 725.

**III.**

Plaintiff's Complaint is subject to dismissal as a matter of law because it is untimely. Federal civil rights claims (whether under §1983 or §1985) are subject to limitations periods. While the statutes themselves do not contain statute of limitations, federal courts borrow the forum state's personal injury limitations period. *See Phifer v. City of Grand Rapids, Michigan*, 657 F. Supp. 2d 867, 873 (W.D. Mich. 2009) (three-year statute of limitations for §§ 1981, 1983 and 1985 claims). The facts as alleged in Plaintiff's Complaint include the following:

- Plaintiff was tased nine times and unlawfully arrested on June 28, 2017.
- Defense counsel was assigned on June 30, 2017, and presumably allowed an improper guilty plea to be entered on Plaintiff's behalf on July 11, 2017.
- Plaintiff's probation officer was assigned on August 17, 2017 and "improperly commingled administrative supervision with prosecutorial enforcement, actively undermining defense advocacy."
- Notices to Appear were returned undeliverable on August 6, 2018, September 12, 2018, and May 10, 2023.
- Improper financial penalties were assessed on March 22, 2023 and March 30, 2023.

ECF No. 1, PageID.3-4. Based on these facts, all of Plaintiff's asserted claims are untimely. The latest Plaintiff could argue that his claims accrued is March 30, 2023 when the last penalty was assessed by the court. That means that the limitations period for filing a civil rights claim would expire on March 30, 2026. *Phifer*, 657 F. Supp. 2d at 873. Here, Plaintiff did not initiate this action until September 9, 2026, which is passed the limitations period. Therefore, Plaintiff's federal civil rights claims are subject to dismissal.

Even if Plaintiff's claims were timely, there are other grounds for dismissal of this action. Plaintiff's Complaint sets forth non-descript, generalized allegations against the "Defendants" in this case. And for each of the causes of action, Plaintiff pleads in a conclusory fashion that "Defendants" are liable. *See generally* ECF NO. 1, PageID.5-8. With limited exception, the Court cannot discern who was responsible for what actions, because Plaintiff's Complaint does not indicate in any specific way which of the named Defendants were responsible or how. While Fed. R. Civ. P. 8(a) requires that a complaint contain a "short and plain" statement of the claims, Plaintiff must still alleged sufficient facts to place the Defendants on notice of their alleged conduct. *Twombly*, 550 U.S. at 555. A § 1983 action must identify the actions of each defendant, and not the defendants collectively, as one cannot be vicariously liable for the acts of others in a civil rights case. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x

762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Additionally, the 30th District Court, as an arm of the State, is subject to dismissal because they are immune from suit. The Eleventh Amendment protects states and their departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The State of Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And Congress has not abrogated Eleventh Amendment immunity in suits under § 1983 or § 1985. *See Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *see also Moss v. Columbus Bd. of Educ.*, No. 2:00-CV-855, 2001 WL 1681117, at *9 (S.D. Ohio Sept. 27, 2001). Because Michigan courts operate as arms of the State, they are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Mich.*, No. 2:10-cv-12509, 2011 WL 940830, *3-4 (E.D. Mich. Mar. 16, 2011); *Young v. Dist. & Sup. Cts. of Mich.*, No. 2:10-cv-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Therefore, the federal claims against the 30th District Court would be dismissed.

Further, Probation Officer Hosea R. Grant and John Doe court staff are also subject to immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (quoting *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997)) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected."). Further, enforcing or executing court orders is intrinsically associated with the judicial process for the purpose of immunity from §1983 civil rights actions. *See Bush*, 38 F.3d at 847. Probation Officers performing their assigned duties are entitled to absolute, quasi-judicial immunity from liability in a civil rights action. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (citing cases). And court clerks enjoy absolute immunity from suit on claims arising out the of the performance of their quasi-judicial function, even if acting erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 08-12117, 2008 WL 2610234, * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). Therefore, the federal claims against Grant and John Doe administrative staff would be subject to dismissal.

Moreover, Plaintiff sues Police Chief James McMahon in his official capacity only. ECF No. 1, PageID.1-2. A suit against an officer in his official capacity is a claim against the entity the official represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992), *abrogation recognized on other grounds*, *Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 927 (6th Cir. 2024). Consequently, the suit against McMahon is the same as the claim against City of Highland Park.

However, claims against the City of Highland Park are similarly subject to dismissal. Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id*. (emphasis omitted); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Municipal liability is limited to action for which the municipality is "actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). To establish municipal liability, a plaintiff "must (1) identify the

municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of federal law") (cleaned up). Here, Plaintiff's Complaint does not detail any policy or custom and merely parrots in a conclusory fashion the elements of the claim. There are no allegations about how any policy is connected to the city or how injury was sustained as a result. To the extent that Plaintiff is alleging a failure to train claim, the Complaint is void of any factual support. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (noting that "[a] failure-to-train claim . . . requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse" and that "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims") (cleaned up); *Martinez v. Cnty. of Wayne*, No. 23-11350, 2024 WL 1806423, *13 (E.D. Mich. Apr. 25, 2024) (dismissing failure to train and supervise claim where the plaintiff failed to offer supporting facts). Therefore, the *Monell* claim against the City of Highland Park and Chief McMohn is subject to dismissal.

With respect to Plaintiff's §1985 civil conspiracy claims, those claims would also be subject to dismissal. As pleaded, Plaintiff fails to state a claim upon which relief can be granted. Section 1985 claims require a class-based animus and a conspiracy to be pleaded with specifics. *Moniz*, 512 Fed. Appx. at 499-500. Neither is done here. Plaintiff merely states, "Defendants Menge, Grant, Walling, and Does 1-10 conspired together under color of state law to deprive Plaintiff of equal protection of the laws by enforcing an invalid plea, executing improper warrants, and concealing failures of service." ECF No. 1, PageID.6. Even construing Plaintiff's *pro se* complaint liberally, that is not enough to state a plausible claim under § 1985. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

That leaves Plaintiff's state law claims. District courts have discretion to decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, the Court dismisses those claims without prejudice and instructs Plaintiff that he can refile those claims in state court if he so desires. However, the Court notes that many of those claims may similarly be barred under the statute of limitations, subject to governmental immunity, or lack sufficient basis to proceed.

**IV.**

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under §1983 or § 1985. Accordingly, Plaintiff's federal claims are summarily **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to exercise jurisdiction over Plaintiff's state law claims, so they are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff desires.

**IT IS SO ORDERED.**

Dated: September 30, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge